UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DEBRA A. BENNETT,<br><br>Plaintiff,<br><br>v.<br><br>KYOCERA SGS PRECISION TOOLS,<br><br>Defendant. | CAUSE NO. 1:21-CV-195 DRL |

## OPINION AND ORDER

Kyocera SGS Precision Tools (Kyocera) furloughed and ultimately terminated Debra Bennett in after the COVID-19 pandemic began in 2020. She sued the company under the Age Discrimination in Employment Act (ADEA). She says the company ended her employment because of her age, not the pandemic. Kyocera moved for summary judgment. The court grants the motion.

## BACKGROUND

Debra Bennett began working for Kyocera's predecessor on July 13, 2011 within the shipping department. She became a customer service representative on March 13, 2015. She was terminated on March 30, 2017.

Thereafter, during a snowmobile trip in February or March 2018, her husband spoke with Kyocera's quality manager (Barry Leffers). Her husband shared that Ms. Bennett was having difficulty finding work due to her age. Mr. Leffers later asked Ms. Bennett if she would like to work at Kyocera in a shipping position. She accepted and began working at Kyocera's facility in Columbia City, Indiana, on March 26, 2018, at the age of 60.

Ms. Bennett was an associate who reported to Mr. Leffers. Her duties included assembling orders, preparing manifests, ensuring stock replenishment, and more. Mr. Leffers performed her jobs

when she could not. Ms. Bennett continued to work under Mr. Leffers when he became general manager in 2019.

Ms. Bennett's coworkers—the "younger guys"—periodically joked about her age, but she wasn't offended and even joked back. She responded that she still could run circles around them. She cannot say who exactly made any jokes. She never reported these jokes to Mr. Leffers, though she may have mentioned something to the office manager (Drew Johnson) when she learned about the company's later reduction in force.

While on another snowmobile trip with Ms. Bennett's husband in February or March 2020, Mr. Leffers asked him why his wife hadn't retired yet, whether he made enough money for her to stay at home, and when she would turn 62. Mr. Leffers joked about a new hire, a woman in her 50s, he wanted to keep around.

Kyocera had a company policy to retain employees based on skillset should it need to reduce its workforce. Ms. Bennett received this policy. The COVID-19 pandemic forced Kyocera to implement a company-wide furlough. The chief financial officer sent the department managers and general managers a spreadsheet to rank all associates. This ranking would determine who would be furloughed.

Standard factors included attendance points. Several skills factored into the rankings. Age was not a factor. Each employee received 1 to 5 points per factor. Mr. Leffers and Mr. Johnson, as general manager and office manager respectively, completed the rankings at the Columbia City facility, with input from a facilities manager. Ms. Bennett ranked at the bottom. In their view, she lacked the skillsets that caused other employees to rank higher. The two managers omitted service years as a factor in their ranking.

On April 15, 2020, Kyocera notified Ms. Bennett that she would be furloughed on April 20, 2020. The furlough at Columbia City also included a 23-year-old and a 53-year-old who worked other

2

positions. A few weeks later, Mr. Leffers also furloughed a 35-year-old with ten years of service. Ms. Bennett says she does not know what factors were used to determine who to furlough. Though the 23-year-old and 53-year-old eventually returned to work, Ms. Bennett and the 35-year-old did not because their positions remained furloughed.

During this downturn in the business, the general manager and a quality control technician performed Ms. Bennett's duties. Both were in their 50s at the time. On July 6, 2020, Kyocera terminated Ms. Bennett due to a pandemic-driven reduction in workforce. She sued.

## STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must present the court with evidence on which a reasonable jury could rely to find in his favor. *Weaver v. Speedway, LLC*, 28 F.4th 816, 820 (7th Cir. 2022). The court must construe all facts in the light most favorable to the non-moving party, viewing all reasonable inferences in that party's favor, *Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1051 (7th Cir. 2020), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003); *see also Joll v. Valparaiso Cmty. Schs.*, 953 F.3d 923, 924-25 (7th Cir. 2020).

In performing its review, the court "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Instead, the "court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Id.* The court must grant a summary judgment motion when no such genuine factual issue—a triable issue—exists under the law. *Luster v. Ill. Dep't of Corr.*, 652 F.3d 726, 731 (7th Cir. 2011).

DISCUSSION

The court first addresses some issues with briefing. Local Rule 56-1(b) requires a litigant responding to a summary judgment motion to file separately a response brief and a response to the movant's statement of material facts. In one filing, Ms. Bennett offers her brief and a statement of her facts, but she never responds to Kyocera's designated material facts as required by rule. Ms. Bennett also cites to record evidence only once in her statement of facts, and her legal argument includes scant citations to the record.

"[I]t isn't the court's job to find the needle in the haystack, the truffle in the field, or the Waldo on the page." *Litsinger v. Forest River, Inc.*, 536 F. Supp.3d 334, 353 (N.D. Ind. 2021). The court will not scour the record without a suitable proffer of material facts or genuine issues. *See* Fed. R. Civ. P. 56(c)(1)(A) (parties must "cit[e] to *particular parts of materials* in the record") (emphasis added); N.D. Ind. L.R. 56-1(b)(2)(C) (party must "cit[e] to evidence supporting each dispute of fact"); *see, e.g., Hummel v. St. Joseph Cnty. Bd. of Comm'rs*, 817 F.3d 1010, 1017 (7th Cir. 2016); *Waldridge*, 24 F.3d at 923-24. The court thus considers Kyocera's facts as undisputed, except as particularly contested by Ms. Bennett in a manner consistent with the district's local rule.

The ADEA prohibits the discharge or another adverse employment action "because of such individual's age," 29 U.S.C. § 623(a)(1), but "it does not protect older employees from being fired for legitimate reasons," *Glover v. U.S. Healthworks*, 326 F. Appx. 964, 967 (7th Cir. 2009). Age must be the but-for cause for the adverse action. *Gross v. FBL Fin. Servs. Inc.*, 557 U.S. 167, 180 (2009). "[I]t's not enough to show that age was *a* motivating factor. The plaintiff must prove that, but for [her] age, the adverse action would not have occurred." *Marnocha v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 986 F.3d 711, 718 (7th Cir. 2021) (citations omitted). The law uses a holistic approach that poses a singular question: whether the evidence would permit a reasonable factfinder to conclude that Ms. Bennett's

4

age was the cause of her furlough or termination. *See McDaniel v. Progress Rail Locomotive, Inc.*, 940 F.3d 360, 367-68 (7th Cir. 2019). The court considers the evidence as a whole. *Id.*

That said, "the well-known and oft-used *McDonnell Douglas* framework for evaluating discrimination remains an efficient way to organize, present, and assess evidence in discrimination cases." *Johnson v. Advoc. Health & Hosps. Corp.*, 892 F.3d 887, 894 (7th Cir. 2018); *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). "There is no magic to this test; it is merely one way of culling the relevant evidence needed to demonstrate whether a reasonable factfinder could conclude that an employer engaged in an adverse employment action based on the plaintiff's race or other proscribed factor." *Johnson*, 892 F.3d at 894.

Under the *McDonnell Douglas* framework, Ms. Bennett must first demonstrate that (1) she is a member of a protected class, (2) she met Kyocera's legitimate expectations, (3) she suffered an adverse employment action despite her reasonable performance, and (4) similarly situated employees who were not members of her protected class were treated more favorably. *See McDaniel*, 940 F.3d at 368 (using framework after *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016)). If she meets her burden on each element of her *prima facie* case, the burden shifts to Kyocera "to articulate a legitimate, nondiscriminatory reason for the adverse employment action;" if Kyocera carries that burden, the burden shifts back to Ms. Bennett to submit evidence that Kyocera's explanation is pretextual. *Id.*

Kyocera argues that it legitimately furloughed and terminated Ms. Bennett because of her skillset and position. The company says any jokes about Ms. Bennett's age and possible retirement weren't contemporaneous with her furlough, and she admitted that the jokes weren't a bother. Kyocera contends that Ms. Bennett cannot make a *prima facie* case of age discrimination because she lacks a proper comparator—a similarly situated employee outside her protected class who the company treated better than she. Kyocera also claims that Ms. Bennett cannot establish that its reason for furloughing her was pretextual or that age caused her furlough.

Ms. Bennett counters that the jokes about her age and retirement—the jokes from her younger coworkers and the inquiry about retirement by the general manager—were contemporaneous with her furlough. She says she can establish a *prima facie* case for age discrimination, though curiously she spends much of her argument demonstrating that there were no similarly situated individuals outside her protected class who were treated better, rather than that there were such individuals. She says she can show pretext and a causative link to her age, but she cites no facts that would support such a reasonable inference or develops a sound argument how she might do so.

Ms. Bennett has not established a *prima facie* case. Kyocera argues only the fourth prong: that there must be similarly situated employee outside Ms. Bennett's protected class who was treated better. Ms. Bennett sinks her case by affirmatively arguing the opposite, and repeatedly so. And no similarly situated employee originates from this record. Instead, the record shows that a 23-year-old and a 35-year-old were also furloughed, even if they could be otherwise established as similarly situated. *See McDaniel*, 940 F.3d at 369; *Johnson*, 892 F.3d at 895; *see also Smith v. City of Janesville*, 40 F.4th 816, 823 (7th Cir. 2022). This argument would be an uphill battle, given Ms. Bennett finished last in Kyocera's skillset rankings.

Viewing the evidence through a holistic lens, Ms. Bennett still cannot meet her burden. She must adduce evidence for a reasonable jury to find that her age was the cause of her furlough. *See Marnocha*, 986 F.3d at 718. She points to her coworkers' jokes, but her coworkers had no control over the decision to furlough her; nor does she offer any reason that these jokes infected the decisionmakers. Her case is judged by "looking . . . through the eyes of her supervisors at the time of [the furlough]." *Gates v. Caterpillar, Inc.*, 513 F.3d 680, 689 (7th Cir. 2008).

Ms. Bennett argues that the general manager joked about her age, but she cites nothing in the record to support this assertion. The general manager certainly mentioned her retirement to her husband and asked about her age, though in a social setting during one of their snowmobiling trips

6

together. Nothing from the context of that conversation suggests that the general manager held an age-based animus against Ms. Bennett or intended to take an adverse action based on her age, or that a reasonable jury could construe it as anything but casual and social conversation.

Months before, the general manager also asked Ms. Bennett about her retirement—"won't the old man let you retire?"—but neither this conversation nor the conversation with her husband were contemporaneous to her furlough, or her termination. *See Conley v. Vill. of Bedford Park*, 215 F.3d 703, 711 (7th Cir. 2000) ("isolated comments must be contemporaneous with the [adverse action] or causally related to the [applicable] decision-making process" to qualify as evidence of discrimination). Her conversation with the general manager occurred either in November or December 2019, and her husband's conversation with the general manager occurred either in February or March 2020.[1] The furlough occurred in April 2020. Ms. Bennett cites *Markel v. Bd. of Regents of the Univ. of Wis. Sys.*, 276 F.3d 906, 910 (7th Cir. 2002), but there the court found that statements less than two months (at the closest mark) before the adverse employment action weren't contemporaneous or causally related. Ms. Bennett fares no better than *Markel*.

The subsequent onset of COVID-19 further separates these comments from the April 2020 furlough. No reasonable jury could find that, at the time the general manager asked Mr. Bennett about his wife's retirement while on a social snowmobile trip, he could have predicted the impending change COVID-19 would wreck on the world at large and many businesses, including Kyocera. *See Olson v. N. FS, Inc.*, 387 F.3d 632, 635 (7th Cir. 2004) (analyzing whether a statement was made in "direct reference" to the adverse employment action). Ms. Bennett offers no evidence that undermines this reason for the furlough as pretextual. Quite to the contrary, the general manager gave Ms. Bennett an opportunity to work notwithstanding her age and later excluded age and service time from the skillset

---

[1] Ms. Bennett testified that the snowmobiling trip occurred in February 2020, and Mr. Bennett's affidavit says he and the general manager went snowmobiling either in February or March 2020.

7

rankings to determine who would need to be furloughed under the pandemic's demands. Other employees under age 40 were furloughed as well. Rather than link an age-based animus to her furlough for a reasonable jury, the record belies it.

## CONCLUSION

Accordingly, the court GRANTS Kyocera's motion for summary judgment [ECF 20], thereby terminating the case.

SO ORDERED.

October 7, 2022

*s/ Damon R. Leichty*
Judge, United States District Court